**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| NICOLE WHETSTONE, ) | Case No.: 2:14-cv-12621 |
| ) | |
| Plaintiff, ) | |
| v. ) | Hon. |
| ) | |
| GC SERVICES LIMITED PARTNERSHIP, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**COMPLAINT**

NOW COMES Plaintiff, NICOLE WHETSTONE ("Plaintiff"), through his attorneys, KROHN & MOSS, LTD., and hereby alleges the following against Defendant, GC SERVICES LIMITED PARTNERSHIP ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq*. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Michigan Collection Practices Act, Mich. Comp. Law 445.901 *et seq*. ("MCPA").

**JURISDICTION and VENUE**

3. Jurisdiction of this court arises pursuant to 28 U.S.C. 1331 and 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the State of Michigan thereby establishing personal jurisdiction.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2), "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…"

## PARTIES

6. Plaintiff is a natural person residing in Clinton, Lenawee County, Michigan.

7. Plaintiff is obligated, or allegedly obligated, to pay a debt as "debt" is defined by 15 U.S.C. § 1692a(5) and Mich. Comp. Law 445.251(a)

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Mich. Comp. Law 445.251(d)

9. Defendant is a business entity with an office located at 46330 Gulfton St., Houston, Texas 77081.

10. Defendant is a debt collector / collection agency as that term is defined by 15 U.S.C. 1692a(6) and Mich. Comp. Law 445.251(b).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Defendant has been assigned an account from a third party to collect monies from Plaintiff which is believed to be owed and past due ("debt").

13. Upon information and belief, the alleged debt arises from transactions which were for personal, family and/or household purposes.

14. In connection with its attempts to collect the alleged debt, Defendant started placing telephone calls ("collection calls") to Plaintiff in March, 2014, at telephone number (616) 485-88xx.

15. When Plaintiff is unable to answer her telephone, callers are given an opportunity

to record a message ("voicemail") for Plaintiff.

16. In or around March, 2013, Defendant placed a collection call to Plaintiff which she was not able to answer.

17. Accordingly, Defendant recorded a message for Plaintiff on her voicemail.

18. Defendant's voicemail for Plaintiff stated:

> This message is for Nicole Whetstone, my name is *collector's name*, I would appreciate your calling me back. You can reach me at 866-391-0768, extension 5095.  Thank you.

19. Defendant stated in its voicemail that the call was for Plaintiff and instructed Plaintiff to return the call to 866-391-0768, which is a telephone number assigned to Defendant by its telephone service provider(s).

20. Defendant's voicemail for Plaintiff failed to identify Defendant's company or business name.

21. Defendant's voicemail for Plaintiff also failed to inform Plaintiff that Defendant, or its employee, was a debt collector.

22. Defendant's voicemail withheld the true nature of its call, to collect a debt, in order to deceive Plaintiff into calling Defendant and obtain payments directly.

23. Defendant used deceptive representations in connection with its attempts to collect the alleged debt by not identifying itself, by not disclosing the true purpose of its phone call and by not disclosing that it is a debt collector.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

24. Defendant violated the FDCPA based on the following:

  a. Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in

connection with the collection of a debt;

b. Defendant violated § 1692d(6) of the FDCPA by not disclosing its identity in its written communication to Plaintiff;

c. Defendant violated § 1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt; and

d. Defendant violated § 1692e(11) of the FDCPA by failing to disclose in its written communication that it is a debt collector

WHEREFORE, Plaintiff, NICOLE WHETSTONE, respectfully requests judgment be entered against Defendant, GC SERVICES LIMITED PARTNERSHIP, for the following:

25. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

26. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k, and

27. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE MICHIGAN COLLECTION PRACTICES ACT

28. Plaintiff repeats and re-alleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

29. Defendant willfully violated the MCPA based on the following:

a. Defendant violated § 445.252(a) of the MCPA by communicating with Plaintiff in a misleading and/or deceptive manner by withholding its identity and purpose for calling;

b. Defendant violated § 445.252(e) of the MCPA by not revealing that the purpose of its message was to collect a debt.

WHEREFORE, Plaintiff, NICOLE WHETSTONE, respectfully requests judgment be entered against Defendant, GC SERVICES LIMITED PARTNERSHIP, for the following:

30. Statutory damages of $150.00 pursuant to the Michigan Collection Practices Act, Mich. Comp. Law 445.257(2),

31. Costs and reasonable attorneys' fees pursuant to the Michigan Collection Practices Act, Mich. Comp. Law 445.257(2), and

32. Any other relief that this Honorable Court deems appropriate.

Dated: July 2, 2014            KROHN & MOSS, LTD.


By: /s/ Adam T. Hill
　　Adam T. Hill
　　KROHN & MOSS, LTD.
　　10 N. Dearborn St., 3rd Fl.
　　Chicago, Illinois 60602
　　Telephone: 312-578-9428
　　Telefax: 866-861-1390
　　ahill@consumerlawcenter.com
　　Attorneys for Plaintiff